IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

Mike Townsend                                                                                        PLAINTIFF

vs.                          CA No. 5:11cv00055-JMM

Bayer Corporation;                                            DEFENDANTS
Bayer Healthcare Pharmaceuticals, Inc.

### PROTECTIVE ORDER PURSUANT TO STIPULATION & AGREEMENT

On this, the 15 day of December 2011, the Court reviewed the stipulation and agreement for a Protective Order, and hereby rules as follows:

1. Confidential information and highly confidential information, as later defined herein, and obtained by either party in this action, shall be used only for the purpose of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except qualified persons, as herein defined.

2. Confidential information shall be deemed to include, without limitation, the following:

    a. Documents containing confidential personal information, such as social security numbers, contact information, medical information, "protected health information" under HIPAA, dates of birth, financial, salary or income information, policies and procedures of the Defendants, documents relating to the operation and organization of the Defendants and information and other matters now requested or hereinafter requested

1

by either party and such other information as may be deemed by this Court to be relevant or material herein.

b. Any information concerning such as set forth in 2(a) herein above as may be, from time to time, produced by either party herein and declared by that party at the time of production to be "Confidential Information" and subject to this Order, such designation to be in writing and may be by letter of transmittal to the opposing party. If either party disputes that the designated information is confidential, the producing party shall file a Rule 26(c) motion, pursuant to the Federal Rules of Civil Procedure, demonstrating good cause as to why the information should be designated confidential.

3. Highly confidential information shall be deemed to include, without limitation, the following:

a. Documents containing product formulas, recipes, manufacturing processes, marketing plans and methods, marketing analysis, development of new products or technologies, business planning information, manufacturing costs, revenue, profit margins, and other financial information relating to the defendants' business operations.

b. Any information concerning such as set forth in 3(a) herein above as may be, from time to time, produced by either party herein and declared by that party at the time of production to be "Highly Confidential Information" and subject to this Order, such designation to be in writing and may be by letter of transmittal to the opposing party. If either party disputes that the designated information is

confidential, the producing party shall file a Rule 26(c) motion, pursuant to the Federal Rules of Civil Procedure, demonstrating good cause as to why the information should be designated highly confidential.

4. Except with the prior written consent of the party producing the confidential information, or pursuant to further Order of this Court on motion with notice to the other party, no confidential information may be disclosed to any person other than "qualified persons" who shall be defined to include only the following: the Plaintiff, the Defendants, counsel of record for any party, expert witnesses, witnesses at trial or deposition, secretaries, assistants and any other employees of counsel who are actively engaged in assisting counsel in connection with this action, the Court and court personnel, and the jury. All persons to whom confidential information is given shall be made aware that the confidential information is the subject of a protective order of this Court.

5. Except with the prior written consent of the party producing the highly confidential information, or pursuant to further Order of this Court on motion with notice to the other party, no highly confidential information may be disclosed to any person other than "qualified persons" who shall be defined to include only the following: counsel of record for any party, the Court and court personnel, and the jury.

6. Documents containing confidential information shall be stamped or otherwise marked as "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER".

7. Documents containing highly confidential information shall be stamped or otherwise marked as "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY".

8. This Order, insofar as it restricts the communication in any way and use of confidential and highly confidential information, shall continue to be binding through and after

the conclusion of this litigation. Following the conclusion of this action, including any appeals, the Court orders further as follows:

    a.    Upon request from the producing party, the other party shall return to the producing party all confidential and/or highly confidential information in its possession and take all reasonable steps necessary to reclaim all confidential and/or highly confidential information, including correspondence, memoranda, notes and/or any other documents embodying such information, in whole or in part.

    b.    Counsel and all qualified persons are enjoined from disclosing any confidential and/or highly confidential information obtained during the course of this proceeding in any manner inconsistent with this Order.

9.    Confidential and/or highly confidential information that may be required to be filed with the Court or the Clerk of this Court shall be filed under seal. Only the Court, court personnel, and counsel for the parties shall have access to the sealed record in this proceeding until further order of this Court. Documents containing some confidential and/or highly confidential information may be filed in a redacted form so that those portions of the document containing confidential information will not be visible to the public. A party seeking to use documents containing confidential and/or highly confidential information at trial shall take reasonable steps to protect the confidential information, such as redacting social security numbers, financial information, medical information, addresses and the like.

10.    Deposition Testimony. Any person giving deposition testimony in this litigation as a representative of a party may designate any or all of the deposition testimony as containing confidential information and/or highly confidential information. The person desiring to designate

any portion of a deposition as containing confidential and/or highly confidential information shall do so on the record while the deposition is being taken, either personally or through counsel. The person desiring to designate the portion of the deposition as containing confidential and/or highly confidential information or their counsel may also at that time request that all persons other than the reporter and the persons listed as "qualified persons" herein leave the deposition room during the confidential and/or highly confidential portions of the deposition. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel for the designating party to advise the witness that he or she need not answer a question seeking the disclosure of confidential and/or highly confidential information. Alternatively, the transcript of the deposition may be designated as containing confidential and/or highly confidential information in accordance with this order by notifying the opposing party in writing, within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript that contain confidential and/or highly confidential information. All such transcripts shall be treated as subject to this Protective Order until a time thirty (30) days after a transcript of the deposition is received. Any portion of any deposition that is not designated as confidential and/or highly confidential in accordance with this Protective Order, within thirty (30) days after a transcript of the deposition is received, shall not be entitled to the protection afforded under this Protective Order.

    11.    Interrogatories, Requests to Produce and Requests for Admission.

    a.    If an Interrogatory, Request to Produce, or Request for Admission contains information claimed to be confidential and/or highly confidential by the party serving the discovery, such Interrogatory, Request to Produce, or Request for Admission may be marked as such in accordance with paragraphs 6 and 7 of this Protective Order.

b.  If an answer to an Interrogatory or a response to a Request to Produce or a Request for Admission contains information claimed to be confidential and/or highly confidential, the answer or response may be marked as such in accordance with paragraphs 6 and 7 of this Protective Order.

12. Nothing in this Order shall prevent any party from seeking modification of this Order at any time as to specific matters designated "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" to remove such from the application of this Order. This Protective Order does not address any other appropriate discovery objections and does not preclude any party from challenging those objections or moving for relief under the applicable rules of procedure.

13. Counsel for the parties shall explain to the parties the terms of this Protective Order including the requirements and restrictions they must observe.

It is so ORDERED this the 15 day of December 2011.

James M. Moody
United States District Judge

Approved as to Form:

Brian D. Reddick (AR 94057)
Joseph Hamilton Kemp (AR 2008283)
**Reddick Law Firm, P.A.**
One Information Way, Suite 201
Little Rock, AR 72202
Telephone: (501) 907-7790
Facsimile: (501) 907-7793
brian@reddicklawfirm.com
hamilton@reddicklawfirm.com

Charles A. Banks (AR 73004)
**Banks Law Firm, PLLC**
100 Morgan Keegan Drive, Ste. 100
Little Rock, Arkansas 72202
(501) 280-0100 (telephone)
(501) 280-0100 (facsimile)
cbanks@bankslawfirm.com

*Attorneys for the Plaintiff*

and

Edwin L. Lowther, Jr. (AR 81107)
**Wright, Lindsey, & Jennings LLP**
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
elowther@wlj.com
(501) 212-1294 (telephone)
(501) 376-9442 (facsimile)

F. Joseph Nealon (*pro hac vice*)
Michael A. Graziano (*pro hac vice*)
**Eckert Seamans Cherin & Mellott, LLC**
1717 Pennsylvania Avenue, N.W., Suite 1200
Washington, DC 2006
(202) 659-6606/6671 (telephone)
(202) 659-6699 (facsimile)
jnealon@eckertseamans.com
mgraziano@eckertseamans.com

*Attorneys for the Defendants*