**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MIKE TOWNSEND**                                                                                          **PLAINTIFF**

**VS.**                                            **NO. 5:11CV00055 JM**

**BAYER HEALTHCARE PHARMACEUTICALS, INC.**            **DEFENDANT**

**ORDER**

Pending is the Plaintiff's motion to enforce judgment, docket # 127; Defendant has filed a response, docket # 131; Plaintiff has filed a reply, docket #132; and, Defendant filed a sur-reply, docket #137. Following these filings the Court stayed the decision on Plaintiff's motion pending the appeal of this matter. On December 17, 2014 the Eighth Circuit Court of Appeals entered an Order affirming in part, and reversing in part the decisions of the Court and jury. The mandate of the Court was issued on February 24, 2015. Plaintiff then filed a supplemental brief in support of the pending motion, docket # 154, and Defendant filed a reply, docket # 155.

On December 17, 2012, the Court entered an Order denying Plaintiff's motion for front pay finding reinstatement an appropriate remedy. The Court ordered that Plaintiff be reinstated at the same rate of pay and with the same seniority he held at the time of his termination. The Eighth Circuit Court of Appeals affirmed the Court's order of reinstatement and the Court's denial of Defendant's motion to remit the jury's back-pay award. Plaintiff asks the Court to enforce its December 17, 2012 order of reinstatement and order that the

Defendant pay back-pay at the rate of pay determined by the jury from the date of the Court's decision to the present.  Defendant argues that it has complied with its duty to reinstate the Plaintiff by informing Plaintiff on February 20, 2013 that the only position available in the United States which complied with the Court's Order was in Knoxville, Tennessee. Plaintiff rejected that position.  Defendant objects to any award of back pay or front pay.

For good cause shown, the Plaintiff's motion is GRANTED.  The Court finds that Bayer's notification of the availability of the Knoxville position was not a good faith effort to comply with the Court's Order mandating reinstatement.  The Knoxville position was not a substantially similar or comparable position to that held by the Plaintiff prior to the discrimination.  Although the Defendant is not required to reinstate the Plaintiff to the exact same position he had prior to the discrimination, it must reinstate the Plaintiff to a comparable position with the same seniority status he would have had but for the discrimination.  The Court does not find a "comparable position" to include one requiring relocation from Little Rock, Arkansas to Knoxville, Tennessee.

Additionally, the Court finds that Plaintiff is entitled to back pay at the rate determined by the jury from the date of the Court's Order granting reinstatement until the date Defendant complies with the Court's Order of reinstatement.

For these reasons, Plaintiff's motion, docket #127, is GRANTED.

IT IS SO ORDERED this 4th day of May, 2015.

_____
James M. Moody Jr.
United States District Judge